RECEIVED
CHARLOTTE, N.C.

OCT 17 2005

Clerk, U.S. Dist. Court
W. Dist. of N.C.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| TASER INTERNATIONAL, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>STINGER SYSTEMS, INC., a corporation, and ROBERT F. GRUDER, a North Carolina resident,<br><br>Defendants. | Case No. 3:04CV620-K |

## STIPULATED PROTECTIVE ORDER

The parties stipulate through their undersigned counsel, and the Court directs for good cause shown pursuant to Fed. R. Civ. P. 26(c), that the following provisions shall govern the handling of confidential information and documents in this proceeding.

1. <u>Definitions</u>. For purposes of this Order:

   a. "Confidential" means documents or information that the Designating Person (defined below) in good faith considers to contain or constitute trade secrets, proprietary data and/or sensitive commercial, financial or personal information. Confidential information does not include (1) public domain information; or (2) information for which reasonable efforts have not been exercised to maintain its secrecy or confidentiality.

   b. "Secret – Attorney's Eyes Only" means documents or information that the Designating Person in good faith considers to contain or constitute unusually sensitive trade

secrets, proprietary data and/or sensitive commercial, financial or personal information that the designating person reasonably believes requires the special handling set forth in this Order. Secret – Attorney's Eyes Only information does not include (1) public domain information; or (2) information for which reasonable efforts have not been exercised to maintain its secrecy or confidentiality.

      c.    "Designating Person" shall mean the person who deems information produced in the litigation (either by itself or by a third party) confidential.

      d.    "Receiving Party" shall mean the party (and its Outside Counsel – defined below) who receives the confidential information supplied by the Designating Person.

      e.    "Outside Counsel" shall mean the law firms engaged by plaintiff, defendants, or other parties to represent them in this litigation.

      f.    "Inside Counsel" shall mean the lawyers employed by a party as full-time lawyers who do not hold any non-legal titles and who are not engaged in any way in competitive decision-making (defined below) on behalf of the party.

      g.    "Competitive Decision-making" shall mean any or all of the client's decisions including, but not limited to pricing, product design and manufacturing, made in light of similar or corresponding information about a competitor.

      h.    "Party," in the case of a party to this action that is a corporation, shall mean the corporate entity and any officer, director or employee or such party, all of whom shall be bound by the provisions of this Order.

      i.    "Produce" shall mean the transmission of any document or information by any person during the course of and in connection with this litigation, including appeals, to a

party or third party, whether voluntary or involuntary, whether pursuant to request or legal process, and whether in accordance with the Federal Rules of Civil Procedure or otherwise.

j. "Person" shall include natural persons and entities including, but not limited to corporations, companies and partnerships.

k. "Protected Subject Matter" shall mean all or part of any document, information or thing which the Designating Person wishes to be subject to this Order, including, but not limited to, pleadings, affidavits, exhibits, written discovery responses, motion papers, briefs, memoranda, deposition transcripts or other documents purporting to quote, attach, reproduce or paraphrase such information.

l. "Document" shall include, without limitation, original unless otherwise stated (or any copies when originals are not available), and any non-identical copies (whether different from the originals because if notes made on such copies or otherwise), of any writing (whether handwritten, typed, printed, photostatic, electronic or otherwise made), drawing, graph, chart, map, diagram, plan, picture, photograph, electronic or mechanical matter (including microfilm of any kind or nature, audio, video, or computer tapes, disks or recordings), or other data, and shall include, without limiting the generality of the foregoing, all communications, correspondence, telecopies or facsimiles, telegrams, e-mails, data bases, computer files, bills, cables, contracts, agreements, teletypes, printouts, studies, reports, schedules, memoranda, minutes, notes, books, records, accounts, cancelled checks, check books, income, financial and bank statements, transcripts, newspaper clippings, log book entries, appointment books, transmittals, subpoenas or other legal processes, and any and all other writings or papers of any kind, including all drafts, copies or reproductions of any of the foregoing which differ in any respect from the original. "Documents" includes the file and folder tabs associated with each

aforesaid original and/or copy, or all correspondence transmitting such document or explaining or commenting on the contents thereof, and all working or support papers.

2. <u>Designation of Protected Subject Matter</u>.

Each Designating Person who produces or discloses Protected Subject Matter may designate all or any part of the same as Confidential or Secret – Attorney's Eyes Only.

3. <u>Visibly Marking Materials</u>.

All tangible items of Protected Subject Matter so designated must be visibly marked by the Designating Person as Confidential or Secret – Attorney's Eyes Only to be subject to this Order, unless otherwise agreed by the parties in writing. Designation of the confidentiality of a particular item or document shall not be made in a matter to render any part or portion of the produced item hidden, illegible or obliterated.

4. <u>Handling Protected Subject Matter</u>.

Protected Subject Matter designated as Confidential or Secret – Attorney's Eyes Only shall not be disclosed by the Receiving Party to anyone other than those persons designated in this paragraph, and shall be handled in the manner set forth below. All persons obtaining access to designated Protected Subject Matter shall use the Protected Subject Matter and the information contained therein solely for preparation and trial of this action, including any appeal or retrial, and shall not use such information for any other purpose.

    a. Information designated Confidential may only be disclosed to and/or viewed by the following:

        (1) Designated employees of the Receiving Party who are necessary to the preparation of that party's case. The form attached hereto as Exhibit A must be signed by

each such designated employee and served on all parties prior to any disclosure to such employees.

  (2) Outside counsel for the Receiving Party and its personnel employed or engaged in the preparation for, or in aiding in the trial of this action.

  (3) Independent outside persons (i.e. persons not employees of a party or Outside Counsel) requested by counsel to furnish technical or expert services or to give testimony in this action. The form attached hereto as exhibit A must be signed by such experts and the form maintained by such party's outside counsel.

  (4) Persons identified in the document as an author or recipient.

  (5) Witnesses who are provided with copies of such information or documents in depositions who sign a copy of Exhibit A hereto.

  (6) the Court including necessary administrative, stenographic, secretarial and law clerk personnel assisting the Court.

 b. Information designated Secret – Attorney's Eyes Only may only be disclosed to and/or viewed by the following:

  (1) Outside counsel for the Receiving Party and its personnel employed or engaged in the preparation for, or in aiding in the trial of this action.

  (2) One Inside Counsel for the Receiving Party. The form attached hereto as Exhibit A must be signed by the Inside Counsel and served on all parties prior to any disclosure to such Inside Counsel.

  (3) Independent outside persons (i.e. persons not employees of a party) requested by counsel to furnish technical or expert services or to give testimony in this action.

The form attached hereto as exhibit A must be signed by such experts and the form maintained by such party's outside counsel.

   (4) Persons identified in the document as an author or recipient.

   (5) Witnesses who are provided with copies of such information or documents in depositions who sign a copy of Exhibit A hereto.

   (6) The Court including necessary administrative, stenographic, secretarial and law clerk personnel assisting the Court.

 5. <u>Retention of Designated Protected Subject Matter</u>.

Upon final termination of this litigation, each party that is subject to this Order shall either destroy or assemble and return to the Designating Person all items containing designated Protected Subject Matter produced in accordance with this Order, including all copies of such matter which may have been made, but not including record files or attorney work product files. Any documents permitted to be retained under this permission shall remain, at all times, subject to the other provisions of this Order. If the Receiving Party elects to destroy documents and other materials containing designated Protected Subject Matter, the Receiving Party shall by letter, within sixty (60) days, certify that all items containing the designated Protected Subject Matter have been destroyed. The Court shall retain jurisdiction over the parties and counsel for the parties as well as any other persons subject to the terms of this Order as necessary to enforce this Order.

 6. <u>Confidential Information Disclosed in Court Proceedings</u>.

In the event that all or any part of any designated Protected Subject Matter or information derived therefrom is included with, or the contents thereof are disclosed in, documents filed with a court, including, without limitation, any pleadings, affidavits, exhibits, written discovery

responses, motion papers, briefs, memoranda, deposition transcripts or other document purporting to quote, attach, reproduce or paraphrase such information, said documents and information shall be (a) clearly labeled on the cover page as containing Confidential or Secret – Attorney's Eyes Only information subject to protective order, as the case may be, and (b) filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the title of this action, an indication of the nature of its contents, and a statement substantially in the following terms:

> "CONFIDENTIAL. Filed Pursuant to Protective Order. Not to be opened nor the contents revealed except (1) to the Court, (2) by agreement of the parties, or (3) by prior order of this Court."

For any filings made under seal, a version with all designated Protected Subject Matter redacted shall be filed with the Clerk of the Court and also served on the parties.

If a party intends to offer into evidence during trial or any other proceeding including, but not limited to, motion practice, all or any part of any documents, exhibits, testimony or other materials that contain designated Protected Subject Matter or information derived therefrom, it shall list those documents, exhibits, testimony or other materials in the pretrial order or provide advance notice of five business days to the Designating Person. If the Designating Person wishes that such materials, or the confidential portion thereof, not be published or spoken in open court, then upon the request of the Designating Person such evidence shall be submitted *in camera* and shall be sealed in the manner set forth above, and any proceedings involving disclosure of the evidence shall be held *in camera*.

7.  Inadvertent Disclosures.

Failure to designate documents, deposition transcripts, interrogatories or any other materials as containing Confidential or Secret – Attorney's Eyes Only information at the time of production shall not be deemed a waiver of any claim of confidentiality, and may be corrected by

7

supplemental written notice or oral notice on the record at a deposition or hearing. It shall not be deemed a violation of this Order for the Receiving Party to have disclosed Confidential or Secret – Attorney's Eyes Only information other than in accordance herewith prior to receiving such a supplemental confidential designation. Upon receipt of such a supplemental designation, the Receiving Party that disclosed the Confidential or Secret – Attorney's Eyes Only information shall exercise its reasonable efforts to ensure that any Confidential or Secret – Attorney's Eyes Only information subject to the supplemental designation that was disclosed other than in accordance herewith prior to receipt of the supplemental designation, and information derived therefrom, is used only in accordance with this Order by those authorized in accordance with this Order.

8. This Order shall remain in force and effect until modified, superseded or terminated on the record by agreement of the parties hereto or by order of the Court.

9. In the event that this Order is not entered by the Court for any reason, the terms of this document shall nevertheless be binding on the parties and shall govern the use and disposition of any documents produced or information disclosed by a person pending the entry of the Order.

10. <u>Objections to Confidential Designation.</u>

a. Unless and until otherwise ordered by the Court, or otherwise agreed by the parties, all designated Protected Subject Matter shall be treated as containing confidential information under this Stipulation and Order. In the event that any party objects to the designation of any Protected Subject Matter, after the parties have attempted to resolve their disputes informally, the party objecting to the designation may move to redesignate the document in question. A party objecting to a Confidential or Secret – Attorney's Eyes Only

designation shall give written notice of such objection and continue to maintain the Protected Subject Matter as Confidential or Secret – Attorney's Eyes Only, as appropriate, until the parties have resolved the issue or until the matter has been resolved by the United States Magistrate Judge or the United States District Court Judge assigned to the matter. The burden of proof shall be on the objecting party to establish that the document does not contain Confidential information pursuant to the Federal Rules of Civil Procedure but the burden of proof shall be on the party claiming that the document or information is Secret – Attorney's Eyes Only information pursuant to the Federal Rules of Civil Procedure.

  b. In the event that any party to the Action files a motion seeking to show good cause to change the designation of any Protected Subject Matter designated as Confidential or Secret – Attorney's Eyes Only, the documents or information at issue shall be submitted to the Court for *in camera* inspection under seal in the manner set forth above and accompanied by the parties' respective arguments and legal positions.

  c. A party shall not be obligated to challenge the propriety of a Confidential or Secret – Attorney's Eyes Only designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.

  11. <u>Preservation of Objections.</u>

Notwithstanding any other provision herein, all objections, including but not limited to, objections as to admissibility in evidence of the discovery material subject to this Order are reserved and are not waived by any terms of this Order.

12. **Relief From Terms of Stipulation and Order.**

Any party to this Action or any affected person may seek the permission of any Designating Person or Receiving Party or any order of the Court for relief from the terms of this Order, or for imposition of additional protections with respect to any confidential information.

13. **Discovery Obligations.**

The procedures set forth herein shall not relieve a party of the necessity of making timely responses or objections to discovery requests. Nothing herein shall be construed as affecting the obligation of the producing party or the party seeking to uphold the Confidential or Secret – Attorney's Eyes Only designation to show good cause for the protection of such information under the Federal Rules of Civil Procedure, or shall be construed to prohibit any producing party or any party to this Action from seeking relief from any inadvertent and/or unintentional disclosure of Confidential or Secret – Attorney's Eyes Only information.

14. **Violations of This Order.**

In the event anyone shall violate or threaten to violate any terms of this Order, the parties agree that the aggrieved party may immediately apply to obtain injunctive relief against any such person violating or threatening to violate any of the terms of this Order and the Court may award damages for the violation of this Order.

15. **Removal of Confidentiality Designations.**

Confidentiality designations may be withdrawn by the Designating Person at any time by providing written notice to all Receiving Parties.

16. **Subpoenas or Requests Seeking To Compel Disclosure of Protected Subject Matter.**

If any Receiving Party (a) is subpoenaed in another action or proceeding, served with a demand in another action or proceeding in which it is a party, or is served with any other legal

process (or other request for production with which it intends to comply) by one not a party to this litigation seeking designated Protected Subject Matter; or (b) is subject to a court order, administrative ruling, or statutory or regulatory obligation seeking to compel the disclosure of any such material (collectively, a "compelled disclosure"), the Receiving Party shall give actual written notice, by hand, e-mail or facsimile transmission, promptly, but in no event later than seven (7) business days of receipt of such compelled disclosure, to the Designating Person. Unless otherwise ordered by a court or appropriate tribunal, the Receiving Party shall not produce any of the Designating Person's Protected Subject Matter for a period of at least ten (10) days after providing the required notice to the Designating Person. During that ten-day period, the Designating Person may seek protection from, or file objections to, the production of the Protected Subject Matter with this Court or other appropriate forum. Only the Designating Person shall be responsible for asserting any objection to the requested production. Nothing herein shall be construed as requiring the Receiving Party or anyone else covered by this Order to (a) challenge or appeal any order issued in another proceeding that requires production or disclosure of Protected Subject Matter covered by this Order, (b) subject himself/itself to any penalties for non-compliance with any legal process, order, or statutory or regulatory obligation, or (c) seek any relief from this Court.

17. <u>Inadvertent Production of Privileged Information.</u>

Any inadvertent production of material subject to the attorney-client privilege, work-product immunity or any other applicable privilege or immunity shall not constitute waiver of any privilege or immunity, provided that the producing person notifies the inspecting party in writing promptly after discovery of such inadvertent production. If a claim of inadvertent production is made pursuant to this paragraph with respect to information then in the custody of

11

another party, the receiving party shall promptly return to the claiming party or person that material and all copies or reproductions thereof as to which the claim of inadvertent production has been made, shall destroy all notes or other work product reflecting the contents of such material, and shall delete such material from any litigation-support or other database. The party returning such material may then challenge the designation of the inadvertently produced material, but such challenge shall not rely upon in any manner or assert as a ground for entering a challenge the fact or circumstances of the inadvertent production.

Dated: October 17, 2005

By: _____
CARYN G. SCHECHTMAN
admitted *pro hac vice*
DLA PIPER RUDNICK GRAY CARY US LLP
1251 Avenue of the Americas
New York, New York 10020
Tel: (212) 896-2983
Fax: (212) 884-8593
E-Mail: caryn.schechtman@dlapiper.com

Counsel for Defendants

By: _____
CLIFFORD R. JARRETT
KENNEDY COVINGTON, LLP
Hearst Tower, 47th Floor
214 North Tryon Street
Charlotte, NC 28202
Tel: (704) 331-7531
Fax: (704) 331-7598
E-Mail: cjarrett@kennedycovington.com

Counsel for Plaintiff

Dated: October 18, 2005

_____
UNITED STATES MAGISTRATE JUDGE

# **EXHIBIT A**

## ACKNOWLEDGEMENT OF PROTECTIVE ORDER

I, _____, (print or type name) understand that in the course of my deposition, discovery or consultation in the lawsuit entitled ***Taser International, Inc. v. Stinger Systems, Inc. and Robert F. Gruder***, Case No. 3:04CV620 K, pending in the United States District Court for the Western District of North Carolina, I may be questioned about or shown documents or other information which one or more of the parties may have designated as "Confidential" or "Secret – Attorney's Eyes Only ," or protected subject matter. I hereby acknowledge that I have been advised of the existence of that Stipulation and Protective Order entered in the above-referenced action, that I have been given a copy of the Stipulation and Protective Order, that I have read and I understand the terms and conditions of said Stipulation and Protective Order, and that I am bound by all of the provisions of the Stipulation and Protective Order.

I agree to submit to the jurisdiction of the United States District Court for the Western District of North Carolina for enforcement of this protective order.


Dated: _____  By: _____
                                           (Signature)


                                        _____
                                           (Printed Name)