**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO: 3:04CV620**

| | |
|---|---|
| TASER INTERNATIONAL, INC., )<br>      Plaintiff )<br>)<br>vs. )<br>)<br>STINGER SYSTEMS, INC., a corporation, )<br>and ROBERT F. GRUDER, a North Carolina )<br>resident, )<br>      Defendants. )<br>                                         ) | **ORDER** |

**THIS MATTER IS BEFORE THE COURT** on the "Plaintiff's Motion to Compel Discovery" ("Motion to Compel") (Document No. 42), filed July 19, 2005 by Taser International, Inc. ("Taser"); the "Defendants' Motion for Protective Order" ("Motion for Protective Order") (Document No. 43) and the "Defendants' Memorandum in Support of Motion for Protective Order and Opposing Plaintiff's Motion to Compel Discovery" (Document No. 44), both filed August 5, 2005 by Stinger Systems, Inc. ("Stinger") and Robert F. Gruder; the "Plaintiff's Response to Defendants' Motion for Protective Order" (Document No. 45), filed August 19, 2005 by Taser; the "Defendants' Reply Memorandum ..." (Document No. 46), filed August 26, 2005 by Stinger and Mr. Gruder; and the "Joint Report Filed in Accordance with October 12, 2005 Order"("Joint Report") (Document No. 57), filed October 18, 2005.

The undersigned appreciates the hard work demonstrated by the parties in their compliance with the Court's direction to confer with respect to the pending motions and to file, jointly if possible, a status report. With respect to the remaining issues identified by the parties in the Joint Report, the undersigned finds that (i) Stinger must produce the stun guns requested in discovery by Taser without restriction on Taser's use, examination and/or testing of those stun guns; and (ii)

Stinger must produce all (not a sampling) of documents responsive to Taser's requests for production, even if those documents were created after January 2005. The undersigned reminds Taser, Stinger and Mr. Gruder that the Stipulated Protective Order (Document No. 56), filed October 18, 2005, governs the handling of confidential information and documents in this proceeding.

**IT IS, THEREFORE, ORDERED** that the "Plaintiff's Motion to Compel Discovery"(Document No. 42) is **GRANTED IN PART and DENIED AS MOOT IN PART** and the "Defendants' Motion for Protective Order" (Document No. 43) is **DENIED IN PART and DENIED AS MOOT IN PART**. The "Plaintiff's Motion to Compel Discovery"(Document No. 42) is granted in part and the "Defendants' Motion for Protective Order" (Document No. 43) is denied in part to the extent that (i) Stinger must produce the subject stun guns to Taser without restriction on Taser's use, examination and/or testing of those stun guns; and (ii) Stinger must produce all (not a sampling) of documents responsive to Taser's requests for production, even if those documents were created after January 2005. With respect to the issues agreed upon by the parties, both the "Plaintiff's Motion to Compel Discovery"(Document No. 42) and the "Defendants' Motion for Protective Order" (Document No. 43) are denied as moot in part.

**Signed: November 4, 2005**

David C. Keesler
United States Magistrate Judge